UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 11213

------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY      07 CV_____
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN        **COMPLAINT**
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE, AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA



                                            Plaintiffs,

        -against-

WALL TO WALL FLOORING, INC.,

                                            Defendant.
------------------------------------------------------------------X

  Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

  1.  This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Wall to Wall Flooring, Inc. ("Employer").

## JURISDICTION

2. This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Wall to Wall Flooring, Inc. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 213 Chapel Hill Road, Highland, New York 12528.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

**FIRST CLAIM FOR RELIEF**

9. Defendant, Wall to Wall Flooring, Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated October 1, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Wall to Wall Flooring, Inc. had failed to make contributions due to the Benefit Funds for the period July 1, 2001 through August 29, 2004, in the principal amount of $18,710.31.

14. The arbitrator also found that Wall to Wall Flooring, Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, Wall to Wall Flooring, Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Wall to Wall Flooring, Inc. in the principal amount of $18,710.31, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
       December 7, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# EXHIBIT A

OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAKER**
IMPARTIAL ARBITRATOR
..................................................................x

**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and David Meberg, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

                            **Petitioners,**                     **MODIFIED
                                                                  CONSENT AWARD OF
                                                                  ARBITRATOR**

    <u>-against-</u>

WALL TO WALL FLOORING, INC.
                             **Respondent**
..................................................................x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 7/1/01, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent for the audit period 7/1/01 through 8/29/04.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 12/26/06, the undersigned by Notice of Hearing dated 1/14/07, scheduled a hearing for 2/27/07,

1

which was adjourned to 4/30/07, then to 6/11/07 and then to 8/15/07, in order to determine the dispute between the parties.

On 8/15/07, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and stated the Funds reached a tentative agreement with the Respondent-Employer on this date.

Thereafter both parties requested that the Arbitrator issue a Consent Award for the undisputed audit findings for the audit period 7/1/01 through 8/29/04.

## CONSENT AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Wall to Wall Flooring Inc. is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, and court and audit costs all in accordance with the terms and provisions of the collective bargaining agreement in the following amounts:

| | |
|---|---|
| Principal | $8,253.80 |
| Late Payment Interest | $54.83 |
| Arbitration Interest | $3,252.24 |
| Liquidated Assessment Damages | $3,252.24 |
| Promotional Fund Due | $97.20 |
| Attorney's fee | $1,500. |
| Arbitration Costs | $500.00 |
| Court Costs | $350.00 |
| Audit Cost | $1,450.00 |
| **TOTAL** | $18,710.31 |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Eighteen Thousand Seven Hundred Ten and 31/100 dollars ($18,710.31) which is to be paid forthwith by Wall to Wall Flooring, Inc. with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
      October 1, 2007

ROGER E. MAHER, Arbitrator

To:    Steven Kasarda. Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

Ms. Tomasina Caba
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

Mr. Frank Valentino, President
Wall to Wall Flooring, Inc.
213 Chapel Hill Road
Highland, NY 12528

## AFFIRMATION

STATE OF NEW YORK
COUNTY OF KINGS

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER